UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GEORGE E. ROBEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-01705-SEB-TAB |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, George Robey's motion for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

### I. The § 2255 Motion

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Factual Background

On December 5, 2011, a criminal complaint was filed against Mr. Robey. *United States v. Robey*, No. 1:12-cr-00027-SEB-TAB-1 (hereinafter, "Crim. Dkt."), dkt. 1. After the Court granted two extensions of time in which to file an indictment, Crim. Dkt. 16; Crim. Dkt. 18, Mr. Robey was charged by indictment with one count of conspiracy in violation of 18 U.S.C. § 371; fifteen counts of trafficking in vehicles with altered vehicle identification numbers in violation of 18 U.S.C. § 2321; five counts of making, uttering, or possessing counterfeit state securities in violation of 18 U.S.C. § 513(a); and four counts of identification document fraud in violation of 18 U.S.C. § 1028. Crim. Dkt. 19.

On the government's motion, the Court dismissed several of the counts against Mr. Robey. Crim. Dkt. 147. Thereafter, Mr. Robey proceeded to trial on four counts of trafficking in vehicles with altered vehicle identification numbers in violation of 18 U.S.C. § 2321 (Counts 1-4) and two counts of making, uttering, or possessing counterfeit state securities in violation of 18 U.S.C. § 513(a) (Counts 5-6). Crim. Dkt. 174. A jury convicted Mr. Robey on all counts. Crim. Dkt. 171. Mr. Robey was sentenced to an aggregate term of 110 months' imprisonment to be followed by three years' supervised release. Crim. Dkt. 194.

Mr. Robey appealed his conviction and sentence on three grounds. *United States v. Robey*, 831 F.3d 857, 859-60 (7th Cir. 2016). He argued that he did not receive a speedy trial in violation of the Speedy Trial Act and the Sixth Amendment, that the district court erred in allowing the government to amend the indictment by dismissing nineteen of the original twenty-five charges, and that the district court's relevant conduct determination at sentencing was erroneous. *Id.* The Seventh Circuit affirmed Mr. Robey's conviction and sentence. *Id.* at 867.

The Seventh Circuit denied Mr. Robey's petition for rehearing and rehearing *en banc* on September 26, 2016. *Id.* at 857. The Supreme Court denied his petition for a writ of certiorari on June 5, 2017. *Robey v. United States*, 137 S.Ct. 2214 (2017). Mr. Robey filed this motion for relief pursuant to 28 U.S.C. § 2255 on June 5, 2018. Dkt. 1; Crim. Dkt. 244.

## III. Discussion

Mr. Robey presents five arguments in support of his § 2255 motion. First, he asserts that he received ineffective assistance of counsel from all three attorneys who represented him in the criminal proceeding. Second, he claims he is eligible for re-sentencing based on the Sentencing Guidelines that went into effect in November 2015 because his case was on appeal when those Sentencing Guidelines went into effect. Third, he argues that his Fifth and Fourteenth Amendment rights were violated because a federal agent presented perjured testimony to the grand jury. Fourth, he contends the prosecutor engaged in misconduct by allegedly back-dating the plea agreement Mr. Robey executed and then rescinded. Finally, Mr. Robey maintains that his right to a speedy trial was violated and the Court committed judicial misconduct when it allegedly asked the parties to file motions to continue to accommodate its "non-judicial schedule." Dkt. 1 at 10. Each of these arguments will be addressed in turn.

### A. Ineffective Assistance of Counsel

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). If a petitioner cannot establish one of the *Strickland* prongs, the Court need not consider the other. *Groves v. United*

3

*States,* 755 F.3d 588, 591 (7th Cir. 2014). To satisfy the first prong of the *Strickland* test, a petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.* To satisfy the prejudice component, a petitioner must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

   1. *Extension of Time to File Indictment*

Mr. Robey first asserts that he received ineffective assistance of counsel because his attorney agreed to two motions for extension of time to file an indictment allegedly without consulting him. Dkt. 1-1 at 1; *see also* Crim. Dkt. 14; Crim. Dkt. 17. The motions state that extensions were necessary because Mr. Robey's attorney and government counsel were discussing various resolutions of the matter. Crim. Dkt. 14 at ¶ 2; Crim. Dkt. 17 at ¶ 2. Thus, the record demonstrates that Mr. Robey's attorney agreed to the requested extensions in an effort to resolve the underlying criminal matter prior to indictment. The Court defers to counsel's reasonable tactical decision and concludes that counsel's decision to agree to the extensions was not deficient. *See Johnson v. Thurmer*, 624 F.3d 786, 792 (7th Cir. 2010) ("It is well established that our scrutiny of counsel's trial strategy is to be deferential and that we do not second guess the reasonable tactical decisions of counsel in assessing whether his performance was deficient.").

Additionally, Mr. Robey has not satisfied the prejudice component of the ineffective assistance of counsel analysis. He has not identified any negative consequences of the extensions,

4

nor has he explained how an objection to the requested extensions would have changed the outcome of the proceeding.

## 2. *Franks/Suppression Hearing*

Mr. Robey next contends that he received ineffective assistance with respect to the motion to suppress filed by his counsel because counsel filed the motion without consulting with him "to learn the true facts of the case" and failed to bring recordings to the hearing. Dkt. 1-1 at 1. This claim fails, however, because Mr. Robey has not explained what information he would have provided to counsel or what the recordings would have shown and how this information would have impacted the outcome of the proceeding.

Here, Mr. Robey's counsel filed a motion to suppress challenging the reliability of the probable cause affidavit executed by the investigating agent. Crim. Dkt. 38. Counsel challenged the lack of corroboration of information provided by the confidential informant used during the investigation and highlighted alleged misrepresentations and omissions about the two controlled purchases. *Id.* These omissions were the main focus of the suppression hearing. *See* Crim. Dkt. 210 at p. 4.

In light of the thoughtful, thorough motion filed by counsel and the lack of explanation from Mr. Robey about what consultation with him and presentation of the recordings would have disclosed, the Court cannot conclude that counsel preformed deficiently with respect to the hearing on the motion to suppress. *See Stephenson v. Wilson*, 619 F.3d 664, 671 (7th Cir. 2010) ("The burden of proving prejudice is on [the petitioner] because to prevail on a claim of ineffective assistance a [petitioner] must show not only that counsel's performance fell below minimum professional standards but also that the subpar performance harmed the client.").

*3. Back-Dated Plea Agreement*

In his third challenge to the effectiveness of counsel's representation, Mr. Robey alleges that counsel back-dated an expired plea agreement. Dkt. 1-1 at 1. Mr. Robey has failed to show how he was prejudiced by this alleged incident. He filed a pro se motion to withdraw his guilty plea, notifying the Court of counsel's alleged back-dating. Crim. Dkt. 114. At his subsequent plea and sentencing hearing, the Court granted Mr. Robey's request to withdraw his guilty plea, Crim. Dkt. 115, and Mr. Robey proceeded to trial, Crim. Dkt. 167; Crim. Dkt. 168; Crim. Dkt. 169. Mr. Robey has failed to satisfy his burden of showing prejudice.[1] *See Stephenson*, 619 F.3d at 671.

*4. Violation of Attorney/Client Privilege*

Mr. Robey asserts that counsel provided ineffective assistance by violating the attorney/client privilege. Dkt. 1-1 at 1. Although he asserts that the violation "sabotaged [his] trial strategy in demonstrating . . . that the agents had testified faulty to the Grand Jury," *id.*, he does not explain what information counsel disclosed to the prosecutor or how this information interfered with his trial strategy.

In the context of ineffective assistance of counsel claims, the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). Mr. Robey has not presented sufficient

---

[1] Additionally, the record contradicts Mr. Robey's claim that he did not sign the plea agreement until March 4, 2014. Dkt. 1-1 at 10. An executed plea agreement was filed with the Court on February 25, 2014, Crim. Dkt. 95, and the Court issued an order related to the plea agreement on February 26, 2014, Crim. Dkt. 96.

evidence or explanation to overcome the presumption that counsel's disclosure of information—whatever that information might have been—was sound trial strategy. He has also failed to provide any evidence or explanation to satisfy his burden of establishing a reasonable probability that, absent the alleged violation of the attorney/client privilege, "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

*5. Failure to Investigate Allegations*

Mr. Robey next faults trial counsel for allegedly failing to investigate "any of [his] allegations." Dkt. 1-1 at 1. A petitioner alleging ineffective assistance due to a failure to investigate "has the burden of providing the court sufficiently precise information, that is, 'a comprehensive showing as to what the investigation would have produced.'" *Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003) (quoting *United States v. Gramley*, 915 F.2d 1128, 1133 (7th Cir. 1990)). This claim of ineffective assistance fails because Mr. Robey has not specifically described either the allegations that counsel allegedly failed to investigate or the information that an investigation would have produced. Mr. Robey's bare assertions that counsel failed to investigate his allegations are not sufficient to establish either deficient performance or prejudice. *See Jennings v. United States*, 461 F. Supp. 2d 818, 827-28 (S.D. Ill. 2006) (denying ineffective assistance of counsel claim of failure to investigate because petitioner did not explain what the investigation would have produced).

*6. Motions to Continue*

Mr. Robey's sixth allegation of ineffective assistance of counsel faults counsel's decision to file motions to continue. He claims that counsel filed these motions at the request of the Court to accommodate the Court's "non-judicial schedule." Dkt. 1-1 at 1.

7

The Court has reviewed the motions to continue filed by counsel.[2] Counsel filed the first motion because she had been appointed recently and needed additional time to review the case. Crim. Dkt. 61. The purpose of the second motion to continue was to allow for a psychological evaluation of Mr. Robey. Crim. Dkt. 74. Counsel filed the third motion to continue because Mr. Robey believed that additional preparation was needed for trial. Crim. Dkt. 87. Finally, the fourth and fifth motions to continue were necessary to accommodate additional preparation and the attorney's schedule. Crim. Dkt. 92; Crim. Dkt. 117. Counsel's decision to request multiple continuances for a variety of reasons falls within the "wide range of reasonable professional assistance," *United States v. Persfull*, 660 F.3d 286, 296 (7th Cir. 2011), and does not constitute deficient performance.

7. *Defense Strategy*

Mr. Robey claims that it was "ludicrous" for two of his attorneys to pursue the defense that he was psychologically incompetent to stand trial. Dkt. 1-1 at 1-2. However, Mr. Robey cannot establish that he was prejudiced by counsel's strategic choice to pursue the defense. Although counsel investigated a potential defense that Mr. Robey was not able to stand trial, counsel withdrew that defense after completion of the psychological evaluation. *See* Crim. Dkt. 87 (noting that the psychological evaluation concluded that Mr. Robey was able to stand trial). Counsel's choice to investigate a potential defense and abandon it after determining it was inapplicable was not objectively unreasonable.

8. *Failure to Investigate Impossibility of Agent's Theory*

---

[2] In this claim, Mr. Robey challenges the motions to continue filed by Ms. Choate. Consequently, the Court will consider only those motions, not every motion to continue filed by defense counsel.

Mr. Robey's next claim of ineffective assistance asserts that counsel failed to investigate Mr. Robey's assertion that the investigating agent's theory of how the vehicles were stolen was impossible. Dkt. 1-1 at 2. As noted above, a petitioner alleging ineffective assistance due to a failure to investigate "has the burden of providing the court sufficiently precise information, that is, 'a comprehensive showing as to what the investigation would have produced.'" *Hardamon*, 319 F.3d at 951 (quoting *United States v. Gramley*, 915 F.2d 1128, 1133 (7th Cir. 1990)). Mr. Robey states only that "[a]ny GM vehicle equipped with computerized [ignition] systems cannot be moved in the manner which the agent described." Dkt. 1-1 at 2. This conclusory statement is not a sufficient explanation of how an investigation into the viability of methods of stealing a vehicle would have disclosed information that could have impacted the outcome of Mr. Robey's trial on charges of trafficking in stolen vehicles. The manner in which a vehicle was stolen is not relevant to whether someone trafficked a stolen vehicle.

9. *Failure to Challenge Residence*

Mr. Robey objects to counsel's failure to inform the jury that Mr. Robey did not reside at "the Graceland address." Dkt. 1-1 at 2. However, the record indicates that both the government attorney and Mr. Robey's counsel explored whether Mr. Robey resided at the Graceland address. Crim. Dkt. 221 at 38-40, 45-46, 100-01, 115-16. In fact, counsel argued during closing that Mr. Robey did not live at the Graceland address. Crim. Dkt. 221 at 139-41. Counsel made the argument that Mr. Robey now faults him for allegedly not raising. Counsel's performance was not objectively unreasonable.

10. *Failure to Object During Trial*

Mr. Robey faults counsel for raising only one objection during trial and not preserving

issues for appeal. However, he does not explain what objections counsel should have raised or what issues counsel should have preserved for appeal. To overcome the presumption of reasonableness, Mr. Robey "must establish specific acts or omissions of counsel that he believes constituted ineffective assistance." *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009). Mr. Robey's failure to identify specific objections that counsel should have raised precludes a finding that counsel performed deficiently.

*11. Challenge to Jury Composition*

Mr. Robey next argues that he received ineffective assistance of counsel because counsel did not object to the composition of the jury. Dkt. 1-1 at 3. He asserts that all of the members of the jury were white and that none of them were from Indianapolis. *Id.* The Sixth Amendment right to a jury trial requires that a petit jury be selected from a "representative cross section of the community." *United States v. Guy*, 924 F.2d 702, 705 (7th Cir. 1991) (quoting *Taylor v. Louisiana*, 419 U.S. 522, 528 (1975)); *United States v. Neighbors*, 590 F.3d 485, 491 (7th Cir. 2009).

To establish a violation of this right, the defendant bears the burden of showing three factors: "(1) the group allegedly excluded is a distinctive part of the community, (2) the representation of this group in venires from which the juries are selected is not fair and reasonable in relation to the number of such persons in the community, and (3) this underrepresentation is due to systematic exclusion of the group in the jury selection process." *Neighbors*, 590 F.3d at 491 (quoting *Duren v. Missouri*, 439 U.S. 37, 364 (1979)).

Mr. Robey has presented no argument or evidence concerning any of these factors. Because he has not established that an objection to the composition of the jury would have been successful, he cannot establish that counsel's performance in failing to object was deficient. *See United States*
10

*v. Cooke*, 110 F.3d 1288, 1301-02 (7th Cir. 1997) ("Thus it is clear that the Sixth Amendment objection that Cooke believes Riggs should have lodged would have been futile, and Riggs' performance was not objectively unreasonable by virtue of his failure to raise such a groundless objection.").

*12. Failure to Object to Count Related to Vehicle Title from Washington, D.C.*

Mr. Robey argues that counsel provided ineffective assistance by failing to object to the count of making, uttering, and possessing a counterfeited security that was based on a vehicle title from Washington, D.C. Dkt. 1-1 at 3. He contends that counsel should have asserted that the confidential informant, not Mr. Robey, uttered and possessed that title. *Id.* The Washington, D.C. title was not, however, one of the documents given to undercover agents during the controlled buys. Rather, the Washington, D.C. title was found in the residence on Graceland Avenue. Crim. Dkt. 231 at 71-72. Additionally, counsel highlighted the fact that Mr. Jones was the individual who gave the allegedly counterfeit documents to the agents during the controlled buys that involved other allegedly counterfeit documents. Crim. Dkt. 231 at 64-65. Counsel did not render objectively unreasonable assistance by refusing to make a frivolous argument. *Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005) ("Because a defendant's lawyer has an obligation to be truthful and forthright with the court, he has no duty to make a frivolous argument, and indeed is barred by the rules of professional ethics from doing so." (internal quotation marks and citations omitted)).

*13. Failure to Present Recording*

Similar to the previous allegation, Mr. Robey faults counsel for allegedly failing to bring a recording that showed the confidential informant, not Mr. Robey, giving counterfeit documents to the agents. Dkt. 1-1 at 3. As stated above, counsel presented this argument to the jury through

11

cross-examination of one of the agents involved in the controlled buys. Crim. Dkt. 231 at 64-65. Mr. Robey has not overcome the strong presumption of reasonableness that applies when evaluating an attorney's performance. *Strickland*, 466 U.S. at 689.

*14. Knowledge of Rule or Regulation*

Finally, Mr. Robey asserts that he received ineffective assistance of counsel because counsel failed to argue that 15 U.S.C. § 78ff(a) requires that a person have knowledge of the rule or regulation before being subject to imprisonment for violating that rule or regulation. Dkt. 1-1 at 3. Section 78ff(a), by its own terms, only applies to violations of Chapter 2B of Title 15 of the United States Code. 15 U.S.C. § 78ff(a) (establishing consequences for violations of "any provision of this chapter"). Mr. Robey was charged with and convicted of offenses under Title 18 of the United States Code. Crim. Dkt. 174; Crim. Dkt. 194. Consequently, any argument based on § 78ff(a) would have been futile, and counsel was not deficient for failing to raise it. *Fuller*, 398 F.3d at 652.

**B. Eligibility for Re-Sentencing**

Mr. Robey's second challenge to his convictions and sentence focuses on revisions to the Sentencing Guidelines that became effective in November 2015. He contends that the revised Sentencing Guidelines should apply to him because his convictions and sentence were on appeal, not final, at the time the revised Sentencing Guidelines went into effect. Dkt. 1 at 5-6.

Relief under 28 U.S.C. § 2255 is available, in part, if a petitioner is in custody "in violation of the Constitution or laws of the United States," 28 U.S.C. § 2255. The Seventh Circuit has held that the Sentencing Guidelines "are not 'laws' for purposes of § 2255." *Taylor v. Gilkey*, 314 F.3d 832, 833 (7th Cir. 2002); *see also Welch v. United States*, 604 F.3d 408, 412 (7th Cir. 2010) (noting

12

that claims based on the Sentencing Guidelines "generally are not cognizable on a § 2255 motion" (citing *Scott v. United States*, 997 F.2d 340, 343 (7th Cir. 1993)). Mr. Robey is not entitled to habeas relief on the ground that the Court should have considered the Sentencing Guidelines that became effective after Mr. Robey was sentenced.

To the extent Mr. Robey contends that counsel provided ineffective assistance for failing to argue at sentencing that the Court should consider revisions to the Sentencing Guidelines that were not yet in effect, Dkt. 1-1 at 3, it was not objectively unreasonable for counsel to forego an argument that the Court consider proposed revisions to the Sentencing Guidelines when imposing a sentence on Mr. Robey. At sentencing, counsel challenged the amount of loss attributed to Mr. Robey. *See* Crim. Dkt. 184 at 28-29. Mr. Robey has failed to overcome the presumption of reasonableness that applies to counsel's strategic decision. *Strickland*, 466 U.S. at 689.

**C. Perjured Grand Jury Testimony, Prosecutorial Misconduct, and Judicial Misconduct**

In his last three challenges to his convictions and sentence, Mr. Robey contends that the government presented perjured testimony to the grand jury, that the prosecutor engaged in prosecutorial misconduct by back-dating the plea agreement, and that the Court committed judicial misconduct by asking defense counsel to file motions to continue to accommodate the Court's "non-judicial schedule." Dkt. 1 at 7-10; Dkt. 1-1 at 9-11.

A § 2255 motion is "no substitute for a direct appeal." *United States v. Bania*, 787 F.3d 1168, 1172 (7th Cir. 2015). A petitioner may present a constitutional error not raised on direct appeal in a § 2255 motion if the petitioner demonstrates both good cause for the failure to raise the issue on direct appeal and actual prejudice from the failure to raise those claims.[3] *Prewitt v. United*

---

[3] A petitioner also may obtain review of a procedurally defaulted claim by showing actual

*States*, 83 F.3d 812, 816 (7th Cir. 1996); *Miller v. United States*, 183 F. App'x 571, 578 (7th Cir. 2006).

Mr. Robey has demonstrated neither good cause nor prejudice. First, Mr. Robey makes no argument as to why these issues were not raised on direct appeal. He was represented by counsel on appeal, *see Robey*, 831 F.3d at 859, and he makes no allegation that appellate counsel provided ineffective assistance.

Additionally, Mr. Robey cannot establish prejudice. With respect to his allegation that an agent committed perjury in front of the grand jury, to show prejudice, Mr. Robey must establish "proof that the grand jury's decision to indict was substantially influenced, or that there is 'grave doubt' that the decision to indict was substantially influenced, by testimony which was inappropriately before it." *United States v. Useni*, 516 F.3d 634, 656 (7th Cir. 2008) (internal citations omitted). Mr. Robey has not made such a showing. He has not discussed the totality of the testimony presented to the grand jury and how the allegedly perjured testimony impacted the grand jury's deliberations.

Mr. Robey also cannot establish prejudice on his claim of prosecutorial misconduct. To the extent Mr. Robey sought to rescind the plea agreement because it was back-dated, the Court allowed him to withdraw it and proceed to trial. Crim. Dkt. 115. Insofar as Mr. Robey claims that the alleged back-dating of the plea agreement would have caused the resulting delay to be charged to the government for purposes of a speedy trial analysis,[4] such an argument is too speculative to

---

innocence. *Delatorre v. United States*, 847 F.3d 837, 843 (7th Cir. 2017). However, Mr. Robey makes no argument for factual innocence. Consequently, the Court "will restrict [its] analysis to the cause-and-prejudice standard." *Id.*

[4] To the extent Mr. Robey is also alleging that the delay would have counted against the government for purposes of a claim under the Speedy Trial Act, such a claim is statutory, not

support a finding of prejudice. Most importantly, Mr. Robey waited over three months after executing the plea agreement to notify the Court that it was allegedly back-dated despite knowing it was expired at the time he received it. *See* Crim. Dkt. 114. It is not a foregone conclusion that the time that elapsed during the pendency of Mr. Robey's plea agreement would have been charged to the government rather than Mr. Robey. *See United States v. O'Connor*, 656 F.3d 630, 643 (7th Cir. 2011) (identifying one factor of the Sixth Amendment speedy trial analysis as "whether the government or the criminal defendant is more to blame for that delay"). Additionally, the Seventh Circuit has already concluded that Mr. Robey was not "actually prejudiced" by the "lengthy" pretrial delay in his case. *See Robey*, 831 F.3d at 864.

Finally, with respect to Mr. Robey's claim that the Court engaged in judicial misconduct that caused certain time to be counted against him for purposes of a speedy trial analysis, Mr. Robey cannot show prejudice. Similar to his claim of prosecutorial misconduct, the Seventh Circuit has already concluded that Mr. Robey was not actually prejudiced by the pretrial delay in his case. *Id.* Furthermore, on direct appeal, the Seventh Circuit held that Mr. Robey bore "primary responsibility" for the delays in part because he filed a motion to suppress, underwent a psychological examination, changed lawyers twice, and appeared to be "uncooperative with his appointed counsel." *Id.* Mr. Robey has not established that this outcome would be different if two of the ten ends-of-justice continuances were actually charged to the government rather than Mr. Robey.

---

constitutional. "Nonconstitutional claims . . ., which could have been raised on direct appeal but were not, are deemed waived even without taking cause and prejudice into account." *Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997); *United States v. Washington*, No. 2:16-cv-311, 2017 WL 3333978, *1 (N.D. Ind. Aug. 4, 2017). Mr. Robey's failure to raise this argument on direct appeal precludes his ability to raise it now.

## IV. Conclusion

For the reasons explained in this Order, Mr. Robey is not entitled to relief on his § 2255 motion. There was no ineffective assistance of counsel, and his sentence was not unconstitutional. Accordingly, his motion for relief pursuant to § 2255 is **DENIED**, and this action is dismissed with prejudice.

Judgment consistent with this Entry shall now issue and the Clerk shall **docket a copy of this Entry in Case No. 1:12-cr-00027-SEB-TAB-1.** The motion to vacate (Crim. Dkt. 244) shall also be **terminated** in the underlying criminal action.

## V. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Robey has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 9/25/2019

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

GEORGE E. ROBEY
1014 W. 34th St.
Indianapolis, IN 46208

Bradley Paul Shepard
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brad.shepard@usdoj.gov